ELÍAS, PLAINTIFF AND APPELLANT, *v.* BANCO POPULAR DE SAN JUAN ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action of Intervention.

No. 2057.—Decided May 28, 1920.

EXECUTION—COMMUNITY PROPERTY—INTERVENTION.—The plaintiff having appealed from a judgment dismissing her complaint in intervention filed January 22, 1916, in which she sought to release from seizure under execution against her husband the rents from certain real estate belonging to her as her separate property, it was *Held:* That although such rents are community property, when the action was brought they were not subject to execution to answer for debts contracted by the husband during wedlock.

The facts are stated in the opinion.

*Mr. J. Hernández López* for the appellant.

*Mr. Damián Monserrat, Jr.,* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff appeals from a judgment dismissing her complaint in intervention in which she sought to release from seizure under execution against her husband the rents from certain real estate belonging to plaintiff as her separate property. The complaint was filed on January 22, 1916.

The grounds upon which such judgment was based are thus stated by the trial judge:

"The case is reduced to a question of law. Are the rents or profits from the separate property of the wife ganancial property and liable for debts contracted by the husband during wedlock?

"The answer depends upon whether section 1323 of the Civil Code is in force or was repealed by section 248 of the Code of Civil Procedure.

"The court holds that the rents and profits from the separate property of either of the spouses are ganancial property unless it is shown that the marriage contract excluded the economical ganancial system.

"The court also holds that the obligations of the conjugal partnership are governed specially by the provisions of Chapter IV, Title III, Book 4, of the Civil Code and not by the laws of procedure, and that this case is governed by section 1323 of the Code, which has not been repealed as may be seen from the doctrine laid down by the Supreme Court of Porto Rico in numerous cases and especially in the case of *Vivaldi* v. *Mariani,* 10 P. R. R. 420."

From the doctrine of *Vivaldi* v. *Mariani* and other cases cited, appellee draws the following conclusions:

"A. That the rents from house No. 32 on Cruz Street of this city, which is the separate property of the intervenor, are ganancial property;

"B. That as such ganancial property the rents are not the separate property of either the wife or the husband;

"C. That such rents are the property of the conjugal partnership."

For the purposes of this opinion the soundness of these propositions need not be questioned. It does not follow, however, that the Legislature has no power to exempt any designated portion or kind of community property from execution. Such exemptions are not unusual, though varied, in the different community property states and while modifying to some extent the general rules applicable to the property so exempted do not necessarily destroy the common character thereof. McKay on Community Property, Sections 294–304.

The question is not, as stated by the trial judge, whether or not the rents and profits from the separate real estate of the wife are community property, but purely and simply

whether or not such rents and profits are exempt from execution against the husband notwithstanding their common character.

Section 248 of the Code of Civil Procedure and the effect of the exemption therein established were not considered in *Vivaldi* v. *Mariani,* nor in any of the cases relied on by the appellee.

That section reads as follows:

"Section 248.—All real and personal estate belonging to any married woman at the time of her marriage, or to which she subsequently becomes entitled in her own right, and all the rents, issues and profits thereof, and all compensation due or owing for her personal services, is exempt from execution against her husband."

The language quoted does not inevitably convert into separate property the rents, profits and earnings mentioned, nor does it assume, as contended by the appellee, that they are separate property; but merely says that they shall not be seized under execution against the husband. The terms employed are too clear for construction and announce the only rule applicable to the cases provided for. As the later expression of the legislative will, the rule so prescribed must control to the extent indicated in case of conflict with any provision of the Civil Code or any other previous enactment. To hold otherwise would amount to an attempt to repeal by judicial legislation so much of the section under consideration as relates to rents, issues and profits. Subject to this slight modification, however, section 1323 of the Civil Code and all other provisions thereof, whether defining such rents, profits and earnings as community property or governing the same as such, remain in full force and effect.

"A repeal resulting from irreconcilable inconsistency and repugnancy between two acts is measured by the extent of the conflict or inconsistency, and if any part of the earlier act can stand as not superseded or affected by the later act, it is not repealed." 25 R. C. L. p. 916, § 167.

With the wisdom or unwisdom of the innovation we have nothing to do.

"Repeals by implication rest in the presumption that the legislature intended to give effect to its enactments." 25 R. C. L. p. 917, § 168, and cases cited.

Aside from such presumption, however, whatever doubt might arise as to possible inadvertence in the original enactment of section 248, *supra*, is dispelled by the fact that twelve years thereafter, or on April 13, 1916, the same was deliberately amended to read as follows:

"All real and personal property belonging to any married woman at the time of her marriage, or to which she subsequently becomes entitled in her own right, and all compensation due or owing (her) for her personal services, is exempt from execution against her husband; but this privilege of exemption shall not extend to the benefits, income and proceeds from the private property of a married woman, one-half the value of the former being subject to an order of execution against the husband."

We have discussed this case from the standpoint of the legal question involved, to wit, whether section 1323 of the Civil Code, as it stood prior to 1904, or section 248 of the Code of Civil Procedure, as originally enacted, should govern. The amendment of 1916 is mentioned merely as emphasizing the unmistakable intention of the legislator.

The controversy was submitted below on an agreed statement of facts for a determination of the issue as made and no other question having been raised on appeal, the case should be regarded as a precedent only as to the point discussed and decided.

The judgment appealed from must be reversed and another entered as prayed for by the plaintiff in intervention, without special provision as to costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.